**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN MOMTAZEE, individually and as Trustee of the Momtazee Revocable Trust; and CALLENE MOMTAZEE, individually and as Trustee of the Momtazee Revocable Trust, | Case No. 2:25-cv-03899-JLS-AJR |
| | Judge Josephine L. Staton |
| | Magistrate Judge A. Joel Richlin |
| Plaintiffs, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER[1] |
| vs. | |
| FEDERAL INSURANCE COMPANY, an Indiana company, | Complaint Filed: May 1, 2025 |
| Defendant. | |

Having reviewed the Parties' Stipulated Protective Order, and for good cause appearing, the Court hereby enters a Stipulated Protective Order ("Protective Order") as follows:

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge A. Joel Richlin's procedures.

1. **GENERAL**

1.1    Purposes and Limitations.  Discovery in this Action is likely to involve production of confidential, proprietary, and/or private or personal information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or highly confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential or highly confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.2    Good Cause Statement.  This Action is likely to involve confidential, commercial, financial, technical, proprietary, and/or personal information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or other confidential commercial information, personal information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are

permitted reasonable necessary uses of such material in preparation for and in the
conduct of trial, to address their handling at the end of the litigation, and serve the
ends of justice, a protective order for such information is justified in this matter.  It is
the intent of the Parties that information will not be designated as confidential for
tactical reasons and that nothing be so designated without a good faith belief that it
has been maintained in a confidential, non-public manner, and there is good cause
why it should not be part of the public record of this case.

## 2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>:  this pending federal lawsuit

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation
of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of
how it is generated, stored or maintained) or tangible things that qualify for
protection under Federal Rule of Civil Procedure 26(c), and as specified above in the
Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as
their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or
items that it produces in disclosures or in responses to discovery as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES
ONLY."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless
of the medium or manner in which it is generated, stored or maintained including,
among other things, testimony, transcripts, and tangible things, that are produced or
generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action including those who have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.    **DURATION**

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" or maintained pursuant to this protective order that is used or introduced as an exhibit becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

With respect to information produced under this Order but not used at trial, even after final disposition of this litigation, the confidentiality obligations imposed

by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **DESIGNATING PROTECTED MATERIAL**

     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

     While mass, indiscriminate, or routinized designations are prohibited, the Parties recognize that manually analyzing and designating large numbers of documents one-by-one for confidentiality can be an unduly burdensome task.  The Parties agree that each Party may reasonably rely on metadata information and good faith searches to designate documents for protection.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

[PROPOSED] STIPULATED PROTECTIVE ORDER

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY", to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies

1    for protection, the Producing Party also must clearly identify the protected portion(s)

2    (e.g., by making appropriate markings in the margins).

3           (b)    for testimony given in depositions, that the Designating Party

4    identify the Disclosure or Discovery Material on the record, before the close of the

5    deposition or in writing within thirty (30) days of its receipt of the transcript. During

6    this 30-day period, a transcript will be treated as if it had been designated "HIGHLY

7    CONFIDENTIAL- ATTORNEYS' EYES ONLY" in its entirety unless otherwise

8    agreed.  After the expiration of that period, the transcript shall be treated only as

9    actually designated.

10           (c)    for information produced in some form other than documentary

11    form and for any other tangible items, that the Producing Party affix in a prominent

12    place on the exterior of the container or containers in which the information is stored

13    the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

14    EYES ONLY."  If only a portion or portions of the information warrants protection,

15    the Producing Party, to the extent practicable, shall identify the protected portion(s).

16        5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

17    failure to designate qualified information or items does not, standing alone, waive the

18    Designating Party's right to secure protection under this Order for such material.

19    Upon timely correction of a designation, the Receiving Party must make reasonable

20    efforts to assure that the material is treated in accordance with the provisions of this

21    Order.

22

23    **6.**    **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

24        6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

25    designation of confidentiality at any time that is consistent with the Court's

26    Scheduling Order.

27

28

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.  Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3    <u>Burden</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

All Receiving Parties who receive Protected Material under this Order are prohibited from disclosing any of the Protected Material to any open Generative AI tool (i.e., ChatGTP) or any substantially similar tool that uses the Protected Material to disclose information to third parties not party to this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    Deposition and trial witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

1   Material may be separately bound by the court reporter and may not be disclosed to

2   anyone except as permitted under this Stipulated Protective Order; and

3          (j)    any mediator or settlement officer, and their supporting personnel,

4   mutually agreed upon by any of the parties engaged in settlement discussions;

5          (k)    a Party's insurer, reinsurer, or retrocessionaire; and

6          (l)    any other person that the Designating Party agrees to in writing.

7      7.3    Disclosure of "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES

8   ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in

9   writing by the Designating Party, a Receiving Party may disclose any information or

10  item designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" only

11  to:

12         (a)    the Receiving Party's Outside Counsel of Record in this Action,

13  as well as employees of said Outside Counsel of Record to whom it is reasonably

14  necessary to disclose the information for this Action;

15         (b)    In-House Counsel to whom disclosure is reasonably necessary for

16  this Action.

17         (c)    Experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for this Action and who have signed the

19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20         (d)    the Court and its personnel;

21         (e)    court reporters and their staff;

22         (f)    professional jury or trial consultants, mock jurors, and

23  Professional Vendors to whom disclosure is reasonably necessary for this Action and

24  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

25         (g)    the author or recipient of a document containing the information

26  or a custodian or other person who otherwise possessed or knew the information;

27

28

(h)    Deposition and trial witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness signs the Acknowledgment;

(i)    a Party's insurer, reinsurer, or retrocessionaire; and

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4    Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of doing so, rely generally on Protected Material, provided that in rendering such advice, counsel shall not disclose the specific contents of Protected Material except as otherwise allowed by this Order.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" before a determination by the court from which the subpoena or order
issued, unless the Party has obtained the Designating Party's permission.  The
Designating Party shall bear the burden and expense of seeking protection in that
court of its confidential material and nothing in these provisions should be construed
as authorizing or encouraging a Receiving Party in this Action to disobey a lawful
directive from another court.

**9.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by
a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by
Non-Parties in connection with this litigation is protected by the remedies and relief
provided by this Order.  Nothing in these provisions should be construed as
prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request,
to produce a Non-Party's confidential information in its possession, and the Party is
subject to an agreement with the Non-Party not to produce the Non-Party's
confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the
Non-Party that some or all of the information requested is subject to a confidentiality
agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the
Stipulated Protective Order in this Action, the relevant discovery request(s), and a
reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by
the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If a Producing Party produces information or documents that it considered privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

(a)    Within  fifteen (15) calendar days of the discovery of the inadvertent production, and no later than forty-five (45) calendar days prior to trial, the Producing Party must give written notice to all parties who received copies of the produced document that the Producing Party claims said document, in whole or in

1   part, to be privileged and must state the nature of the privilege; in the event that only

2   part(s) of document(s) are claimed to be privileged, the Producing Party shall furnish

3   redacted copies of such privileged documents, removing only the part(s) thereof

4   claimed to be privileged, to all parties together with the notice (the "Production of

5   Privileged Materials Notice").

6          (b)      Upon receipt of such Production of Privileged Materials Notice,

7   all parties who have received copies of the inadvertently produced document(s) shall

8   sequester or destroy all other copies thereof and confirm sequestration or destruction

9   thereof.

10          (c)      Pursuant to Fed. R. Evid. 502(d), the production or disclosure of

11   information containing material subject to a claim of attorney-client privilege or

12   work product protection shall not constitute a waiver of the attorney-client privilege

13   or work product protection applicable to such material, in this or any other

14   proceeding, unless (a) the production or disclosure was made with the expressed

15   intent by the producing party to waive the attorney-client privilege or work product

16   protection or (b) the party making the production or disclosure has affirmatively used

17   or relied on the specific material that is subject to the claim of attorney-client

18   privilege or work product protection.

19          (d)      The parties agree that this Order is an Order entered under Rule

20   502(d) of the Federal Rules of Evidence.

21

22   **12.   <u>MISCELLANEOUS</u>**

23       12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

24   person to seek its modification by the Court in the future.

25       12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

26   Protective Order, no Party waives any right it otherwise would have to object to

27   disclosing or producing any information or item on any ground not addressed in this

28

1   Stipulated Protective Order.  Similarly, no Party waives any right to object on any

2   ground to use in evidence of any of the material covered by this Protective Order.

3          12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

4   Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

5   only be filed under seal pursuant to a court order authorizing the sealing of the

6   specific Protected Material at issue; good cause must be shown in the request to file

7   under seal.  If a Party's request to file Protected Material under seal is denied by the

8   Court, then the Receiving Party may file the information in the public record unless

9   otherwise instructed by the Court.

10

11  **13.   FINAL DISPOSITION**

12          After the final disposition of this Action, within 60 days of a written request by

13  the Designating Party, each Receiving Party must return all Protected Material to the

14  Producing Party or destroy such material.  As used in this subdivision, "all Protected

15  Material" includes all copies, abstracts, compilations, summaries, and any other

16  format reproducing or capturing any of the Protected Material.  Whether the Protected

17  Material is returned or destroyed, the Receiving Party must submit a written

18  certification to the Producing Party (and, if not the same person or entity, to the

19  Designating Party) by the 60 day deadline that (1) identifies (by category, where

20  appropriate) all the Protected Material that was returned or destroyed, and (2) affirms

21  that the Receiving Party has not retained any copies, abstracts, compilations,

22  summaries or any other format reproducing or capturing any of the Protected Material.

23  Notwithstanding this provision, counsel are entitled to retain an archival copy of all

24  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

25  correspondence, deposition and trial exhibits, expert reports, attorney work product,

26  and consultant and expert work product, even if such materials contain Protected

27  Material.  Any such archival copies that contain or constitute Protected Material

28  remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. <u>VIOLATION OF ORDER</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  September 24, 2025          MCGUIREWOODS LLP

By:   */s/ Caitlin Oswald*
Caitlin Oswald

Attorneys for Plaintiffs

DATED:  September 24, 2025          O'MELVENY & MYERS LLP

By:   */s/ Samuel B. Weiss*
Samuel B. Weiss (*pro hac vice*)

Attorneys for Defendant

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 9/24/2025

HON. A. JOEL RICHLIN
United States Magistrate Judge

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

4    I, _____ [**full name**], of _____

5    [**full address**], declare under penalty of perjury that I have read in its entirety and

6    understand the Stipulated Protective Order that was issued by the United States

7    District Court for the Central District of California on _____ [**date**] in the

8    case of *John Momtazee, etc., et al., v. Federal Insurance Company*, USDC Case

9    No. 2:25-cv-03899-JLS-AJR.  I agree to comply with and to be bound by all the

10    terms of this Stipulated Protective Order and I understand and acknowledge that

11    failure to so comply could expose me to sanctions and punishment in the nature of

12    contempt.  I solemnly promise that I will not disclose in any manner any information

13    or item that is subject to this Stipulated Protective Order to any person or entity

14    except in strict compliance with the provisions of this Order.

15    I further agree to submit to the jurisdiction of the United States District Court

16    for the Central District of California for the purpose of enforcing the terms of this

17    Stipulated Protective Order, even if such enforcement proceedings occur after

18    termination of this action.  I hereby appoint _____ [**full name**] of

19    _____ [**full address and telephone number**]

20    as my California agent for service of process in connection with this action or any

21    proceedings related to enforcement of this Stipulated Protective Order.

22    Date: _____

23    City and State where signed: _____

24

25    Printed Name: _____

26

27    Signature: _____

28

[PROPOSED] STIPULATED PROTECTIVE ORDER